## SCHWARTZ v. BROWNLOW et al.

(Court of Appeals of District of Columbia. Submitted December 6, 1920. Decided February 7. 1921.)

No. 3450.

1. **District of Columbia ⟨⟩19—Ordinance restricting business buildings held in conflict with zoning act.**

   The ordinance of the Commissioners of District of Columbia restricting the erection of business buildings in residence blocks, even if authorized by Act June 14, 1878, empowering them to make building regulations, was in direct conflict with Act March 1, 1920, creating a zoning commission, to adopt regulations specifying, among other things, the purposes for which buildings and premises in the several areas might be used, and repealing all laws in conflict therewith.

2. **District of Columbia ⟨⟩19—Commissioners' authority to enforce regulations of zoning commission does not authorize ordinance restricting business buildings.**

   Zoning Act, § 10, authorizing the Commissioners of the District to enforce the act and the regulations of the zoning commission, and providing that nothing therein shall limit the authority of the Commissioners to make municipal regulations not inconsistent therewith, does not authorize the Commissioners to adopt an ordinance restricting the erection of business buildings in certain blocks.

3. **District of Columbia ⟨⟩19—Building regulation repealed by Zoning Act before time for commission to act.**

   The Zoning Act, which repealed inconsistent acts in præsenti, operated immediately to deprive the Commissioners of the District of jurisdiction to enact building regulations in conflict with the jurisdiction conferred upon the zoning commission, so that such regulation was invalid, though the six months' period within which the zoning commission was required to act had not expired at the time of adoption of the Commissioners' regulation.

Appeal from the Supreme Court of the District of Columbia.

Mandamus by Mollie Schwartz against Louis Brownlow and others. From a judgment refusing the writ, petitioner appeals. Reversed and remanded, with directions to issue the writ.

W. G. Gardiner, of Washington, D. C., for appellant.

F. H. Stephens, P. H. Marshall, and R. L. Williams, all of Washington, D. C., for appellees.

VAN ORSDEL, Associate Justice. This appeal is from a judgment of the Supreme Court of the District of Columbia refusing a writ of mandamus to compel the Commissioners and building inspector of the District to issue a permit for the erection of a drug store on a lot situated in a residence block in the city of Washington.

The application for the permit was filed with the inspector on May 26, 1920, and approved by the plumbing inspector and structurally approved by the building inspector. The permit, however, was refused because of an ordinance adopted by the Commissioners three days before, which provided as follows:

"On a residence street where there is no property on the same block occupied and used for business purposes, no permit for the establishment or con-

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

duct of a business of any character, retail or wholesale, shall be granted until there shall be filed the written consents of the owners of three-fourths of the property within two hundred feet of the site of the proposed establishment."

[1] The Commissioners base their authority for adopting this regulation upon the act of Congress of June 14, 1878 (20 Stat. 131), which is as follows:

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, that the Commissioners of the District of Columbia be, and they hereby are, authorized and directed to make * * * such building regulations for the said District as they may deem advisable."

The act then provides that the rules and regulations so made shall have the same force and effect as if enacted by Congress.

Whether the adoption of the ordinance in question was a constitutional exercise of police power by the Commissioners need not be considered, since their action is in direct conflict with the act of Congress of March 1, 1920 (41 Stat. 500), creating a zoning commission, which, among other things, provides:

"Within six months after the passage of this act, and after public notice and hearing as hereinafter provided, the said commission shall divide the District of Columbia into certain districts, to be known, respectively, as height, area, and use districts, and shall adopt regulations specifying the height and area of buildings thereafter to be erected or altered therein and the purposes for which buildings and premises therein may be used."

The act provides for notice and hearings before the adoption of such regulations, and further provides that—

"All laws in conflict with the provisions of this act are hereby repealed."

[2] Nor is the power of the Commissioners to make regulations affecting the use of property strengthened by section 10 of the Zoning Act, which provides:

"That the Commissioners of the District of Columbia shall enforce the provisions of this act and the orders and regulations adopted by said zoning commission under the authority thereof, and nothing herein contained shall be construed to limit the authority of the Commissioners of the District of Columbia to make municipal regulations as heretofore: Provided, that such regulations are not inconsistent with the provisions of this law and the orders and regulations made thereunder."

While the Commissioners are given power to enforce regulations adopted by the zoning commission, they are expressly prohibited from making regulations inconsistent with the act or the regulations made by the zoning commission thereunder. The legislative power conferred by the act is in the zoning commission, and not in the Commissioners of the District of Columbia.

[3] While the six months' period within which the zoning commission was required to act had not expired at the time of the adoption of the present regulation, the repealing clause of the zoning act was in præsenti and operated immediately to deprive the Commissioners of the District of jurisdiction to enact building regulations in conflict with the jurisdiction conferred upon the zoning commission.

The regulation in question attempts to regulate the use to which

petitioner could put her building, which is the chief jurisdiction conferred upon the zoning commission.

The judgment is reversed, with costs, and the cause is remanded, with directions to issue the writ as prayed for in the petition.

Reversed and remanded.